UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-375(RHK)
Civil No. 07-2060(RHK)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>ANTONIO SOBERANIS-SAGRERO,<br><br>Defendant/Petitioner. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO SECTION 2255 MOTION |

Petitioner Antonio Soberanis-Sagrero has filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion is untimely, and should therefore be dismissed. The motion is also without merit.

BACKGROUND

Defendant was charged on December 18, 2001, in a one-count Indictment, with possession with intent to distribute approximately 695 grams of a substance containing methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

A change of plea hearing was started on June 14, 2002. However, defendant did not provide a factual basis for a guilty plea, so the hearing was adjourned. Transcript of Plea, at 12-15.

A jury trial was scheduled for August 12, 2002, and a jury panel was called for commencement of the trial. However, on that date, defendant pled guilty to the Indictment, pursuant to a plea agreement. Transcript of Plea, at 16-37. In the plea agreement, defendant admitted to 695 grams of a substance containing methamphetamine, with a purity of 98%, resulting in approximately

681 grams of actual methamphetamine. Plea Agreement and Sentencing Stipulations ("Plea Agreement"), at 1. Based on that drug quantity, defendant also stipulated to a base offense level of 36. Plea Agreement, ¶ 4a.

A Presentence Report ("PSR") was prepared by the United States Probation Office. The PSR also calculated a base offense level of 36. PSR, ¶ 12. Applying a two-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 34. PSR, ¶¶ 17-18. Defendant's criminal history category was determined to be IV, resulting in a guideline sentencing range of 210 to 262 months. PSR, ¶¶ 26, 41.

Defendant was sentenced on October 24, 2002. The Court adopted the guideline calculations contained in the PSR, but granted a downward departure for overstatement of criminal history, pursuant to U.S.S.G. § 4A1.3. Rather than a criminal history category IV, the Court placed defendant in category II, resulting in a guideline sentencing range of 168 to 210 months. Transcript of Sentencing, at 8. The Court imposed a sentence of 168 months. Id. at 11.

Defendant appealed. His counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the issue of the validity of defendant's guilty plea. On May 16, 2002, the Eighth Circuit issued an unpublished per curiam opinion finding no plain error in this Court's acceptance of defendant's plea. The Eighth Circuit also conducted an independent review of

the record and found no non-frivolous issues. United States v. Soberanis-Sagrero, 2003 WL 21129855 (8th Cir. 2003).

DISCUSSION

I. Defendant's Motion is Untimely and Should Be Dismissed.

Defendant has failed to comply with the one-year time limit on filing a § 2255 motion as prescribed in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996. Congress enacted the AEDPA in part "to curb the abuse of the writ of habeas corpus." See Miller v New Jersey, 145 F.3d 616, 618 (3d Cir. 1998).

Prior to the enactment of the AEDPA, a federal defendant could bring a § 2255 motion at any time. However, the AEDPA changed that right, limiting the time period for filing § 2255 motions to one year from various triggering events, starting with the latest of:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. See Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).

Defendant's conviction was final in 2003. Therefore, pursuant to the AEDPA, defendant had until 2004 to file his habeas motion. His petition was filed nearly three years after the expiration of the one-year limitations period, and is untimely under subsection 1 above. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)("district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations . . . of 28 U.S.C. § 2255 as amended by the [AEDPA]"). His untimely motion should accordingly be dismissed.

Defendant argues that the fact that his motion was filed nearly three years too late should be excused by the doctrine of equitable tolling, because of his lack of knowledge of English. The doctrine of equitable tolling applies only when "extraordinary circumstances beyond a prisoner's control makes it impossible to file a petition on time." Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). As this Court well knows, many federal prisoners are in the same position as defendant with respect to language, and yet they are able to comply with the one-year filing requirement. Lack of familiarity with the English language does not rise to the level of an extraordinary circumstance which would warrant equitable tolling of the AEDPA limitations period. See United States v. Cordova, 202 F.3d 283 (10th Cir. 1999) (Table), 1999 WL 1136759 (unpublished opinion). See also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with

the law due to illiteracy does not result in equitable tolling). Defendant's equitable tolling argument should be rejected, and his motion should be dismissed as untimely.

II. Defendant Has Failed to Demonstrate Ineffective Assistance of Counsel.

In addition to being untimely, defendant's motion is also completely without merit. Defendant alleges his counsel was ineffective for failing to advise defendant that he should have been sentenced based on a mixture of methamphetamine (695 grams), rather than the quantity of actual methamphetamine (681 grams). Defendant also claims this Court erred by calculating his base offense level using the quantity of actual methamphetamine, rather than a mixture.

In order to present a successful claim of ineffective assistance of counsel, a defendant must prove both that his counsel's representation was deficient, and that the deficient performance prejudiced the defendant's case. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Defendant cannot satisfy either prong of the Strickland test. Defendant stipulated to the drug quantity and the base offense level applied by the Court. Plea Agreement, at 1; ¶ 4a. The stipulation was based on the Chemical Analysis Report prepared by the Drug Enforcement Administration laboratory in Chicago, Illinois. A copy of that report is attached as Exhibit 1.[1] It

[1] A DEA case report is attached with the exhibit so that the case number referenced on the laboratory report is identified with defendant.

confirms that the methamphetamine seized was 98% pure, resulting in a total amount of 681.5 grams of pure methamphetamine, consistent with the parties' stipulation and this Court's calculation of the guidelines.[2]

Defendant did not have to stipulate to the drug purity, and the government could have called the chemist to testify at defendant's trial, which was scheduled to commence on the day of defendant's guilty plea. However, such a strategy would only have prejudiced defendant, since he would have in all likelihood lost his reduction for acceptance of responsibility. Therefore, the performance of defendant's counsel was not deficient for stipulating to a drug purity which was consistent with the finding of the DEA laboratory, and no prejudice resulted. In fact, defendant benefitted from his counsel's strategy by receiving a reduction for acceptance of responsibility. Accordingly, his claim of ineffective assistance of counsel should be rejected.

[2] For methamphetamine, the weight of the actual methamphetamine is used, rather than the weight of the mixture, if it results in a higher base offense level. U.S.S.G. § 2D1.1 (Drug Quantity Table, Note B).

CONCLUSION

For the foregoing reasons, defendant's motion for relief pursuant to 28 U.S.C. § 2255 should be dismissed with prejudice.

Respectfully submitted,

Dated: June 1, 2007

RACHEL K. PAULOSE
United States Attorney

*s/ Nathan P. Petterson*

BY: NATHAN P. PETTERSON
Assistant U.S. Attorney
Attorney ID Number 151506